

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 1 0 2006

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE RICHARDS GROUP, INC.,          §
                                   §
        Plaintiff,                 §
                                   §        NO. 3:06-CV-0799-D
vs.                                §
                                   §
JEFFREY S. BROCK AND BROCK         §
MUSIC PRODUCTIONS, INC.,           §
                                   §
        Defendants.                §
                                   §
                                   §
                                   §
                                   §
                                   §

## DEFENDANTS JEFFREY S. BROCK AND BROCK MUSIC PRODUCTIONS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

COME NOW, Defendants Jeffrey S. Brock ("Mr. Brock") and Brock Music Productions, Inc. ("BMPI") (collectively, the "Defendants") and file this, their motion to dismiss for lack of personal jurisdiction and would respectfully show the Court the following:

### I.    FACTUAL BACKGROUND

Plaintiff the Richards Group, Inc. ("Richards") filed its Original Petition ("Petition") in the County Court for Dallas County, Texas on April 11, 2006 seeking declaratory relief against the Defendants. *See generally* PETITION. Richards is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Dallas, Texas. PETITION ¶ 1.

Mr. Brock resides in Nashville, Tennessee. Declaration of Jeffrey S. Brock, attached hereto as Exhibit "A" ("Brock Declaration"), ¶ 18. Mr. Brock has not resided in the State of Texas for over thirty (30) years, maintained any property in the State of Texas in the last thirty (30) years, or operated a business that maintained an office in the State of Texas. *Id.* ¶¶ 19-20.

BMPI is incorporated in the State of Tennessee in 2006, and has its principal place of business in that state. *Id.* ¶ 3. BMPI has never maintained an office in the State of Texas, owned any property in the State of Texas, maintained an office in the State of Texas, or had any

DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION – Page 1

employees or agents in the State of Texas. *Id.* ¶¶ 4-5. BMPI is a record project company. *Id.* ¶ 6 BMPI has done little business since its recent creation and has not solicited or sold any products and/or services to any person located in Texas.

Brock Music, Inc. ("Brock Music") is incorporated in Tennessee and has its principal place of business in that state. Brock Music produces music for advertisements and films. Brock Declaration ¶ 7. Although they share the same ownership, and although Mr. Brock is the president of BMPI and Brock Music, Brock Music and BMPI are unaffiliated. *Id.* ¶¶ 2, 7. None of the assets of Brock music have been transferred to BMPI. *Id.* To this day, both Brock Music and BMPI continue to operate separately. *Id.* Brock Music and BMPI have separate business models, different clientele, and operate in different lines of business in the music industry. *Id.*

Brock Music—which is not a party to this case—and Richards entered into Music Rights and Music Services/Recording Purchases Agreements on or about September 8, 2003. As president of Brock Music, Mr. Brock signed the Agreements on behalf of Brock Music, not individually. In April, 2005, Richards filed a demand for arbitration alleging breach of contract and fraud claims against Brock Music under an arbitration provision in these agreements. Only Richards and Brock Music were parties to the arbitration. Richards prevailed on its breach of contract claim, but not its fraud claim. On February 28, 2006, Richards obtained a judgment against Brock Music, enforcing the arbitration award. On April 11, 2006, Richards filed the instant suit in County Court for Dallas County, Texas. On May 3, 2006, the Defendants timely removed the action to this Court.

## II.   ARGUMENT & ANALYSIS

### A.   Standard for Dismissal under Federal Rule of Civil Procedure 12(b)(2)

A federal district court may exercise jurisdiction over a non-resident defendant only if (1) the long-arm statute of the state in which the court sits confers personal jurisdiction over the defendant, and (2) the exercise of jurisdiction is consistent with the requirements of due process under the United States Constitution. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000). Because the Texas long-arm statute extends to the requirements of due process, only

a single question must be answered—whether the exercise of jurisdiction over the non-resident

defendant comports with the Due Process Clause of the Fourteenth Amendment. *Id.*

> The Due Process Clause of the Fourteenth Amendment permits the exercise of
> personal jurisdiction over a nonresident defendant when (1) that defendant has
> purposefully availed himself of the benefits and protections of the forum state by
> establishing 'minimum contacts' with the forum state; and (2) the exercise of
> jurisdiction over that defendant does not offend 'traditional notions of fair play
> and substantial justice.' To comport with due process, the defendant's conduct in
> connection with the forum state must be such that he 'should reasonably
> anticipate being haled into court' in the forum state.'

*Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999) *accord Archer and White, Inc. v. Tishler*, No.

Civ. A. 3:03-CV-0742-D, 2003 WL 22456806 at *1-2 (N.D. Tex. Oct. 23, 2003).   A defendant's

contacts with the forum state must be more than "random," "fortuitous," or

"attenuated."

"Jurisdiction may be general or specific." *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d

465, 469 (5th Cir. 2006).  General Jurisdiction exists "[w]here a defendant has 'continuous and

systematic general business contacts' with the forum state." *Id.* (citing *Helicopteros Nacionales de

Columbia, S.A. v. Hall*, 466 U.S. 408, 415 (1984)).  "[T]he continuous and systematic contacts test is

a difficult one to meet, requiring extensive contacts between a defendant and a forum."

*Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001).

Specific Jurisdiction exists when the defendant has purposefully directed his activities at the

forum state, and the suit arises out of those contacts. *Luv N' Care*, 438 F.3d at 469.

A.     **Defendants Do Not Have Continuous and Systematic Contacts with Texas.**

Richards baldly asserts that Defendants "have purposefully availed itself[sic] of the

privilege of conducting business activities in Texas," "have had continuous and systematic

business contacts with the State of Texas," and "have entered into and/or breached contracts

performable in whole or in part in the State of Texas."  PETITION ¶ 4.  These conclusory

allegations are simply untrue.  Brock and BMPI have not purposefully availed themselves of the

privileges of doing business in Texas.  BMPI has absolutely no contacts with the State of Texas,

and Mr. Brock's only substantive contacts with the forum stem from the performance of his duties as president of Brock Music.

1.    **BMPI has No Contacts with the State of Texas.**

BMPI is a newly formed company and has done little business anywhere, and absolutely no business in Texas. Despite Richards' conclusory allegation to the contrary, no assets have been transferred from Brock Music to BMPI, BMPI is not the successor to Brock Music, and the entities are unrelated. In fact, Brock Music and BMPI are in different lines of business in the music industry. Brock Declaration ¶¶ 6-7.

The Petition does not contain a single allegation that BMPI has done any business in Texas. Rather, Richards states that BMPI is amenable to Jurisdiction here because of Brock Music's contacts with the State of Texas. Brock Music is not a defendant in this action. Richards has made the single conclusory allegation that Brock transferred assets from Brock Music to BMPI, however this is not that case. Brock Declaration at 7. Richards has not, and cannot, identify a single asset transferred from Brock Music to BMPI. As the Court has previously held, conclusory allegations cannot support a plaintiff's claims that a defendant is amenable to jurisdiction. *See King v. Enterprise Leasing Co. of DFW,* 2006 WL 784885, *3 (N.D.Tex.) (N.D.Tex.,2006) (citing *Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 2000 U.S. Dist. LEXIS 22714, at *7-*8 (N.D.Tex. Sept. 15, 2000), *aff'd,* 253 F.3d 865, 869 (5th Cir.2001) (per curiam)). Accordingly, BMPI cannot be haled into court in Texas under a theory of general jurisdiction based upon Brock Music's contacts in the state.

BMPI is incorporated in Tennessee and has its principal place of business in that state. Brock Declaration ¶ 3. BMPI has not engaged in any business in Texas. *Id.* BMPI has not entered into any contracts with any person located in the State of Texas, has not solicited any customers in Texas, has not sold any products or services to any person in the State of Texas, and has no employees or offices in the State of Texas. *Id.* ¶¶ 4, 9, 11. Accordingly, BMPI has not purposefully availed itself of the privileges of doing business in Texas, and is thus not amenable

to general personal jurisdiction in Texas.   Moreover, Richards has not alleged that BMPI
engaged in any tortious conduct within the state of Texas that gives rise to its causes of action.
In fact, the claims asserted in the Petition relating to Texas concern Brock Music, who is not a
party to this action.

2.      **Mr. Brock's Contacts with Texas were in the Scope of his Employment and Cannot be
        Used to Subject Him to Jurisdiction in this Forum.**

        Mr. Brock's contacts with Texas occurred while he was acting as the president of Brock
Music.   In an attempt to confer jurisdiction, and circumvent the fiduciary shield doctrine,
Richards has—for the first time despite many prior opportunities—alleged that Mr. Brock is the
alter-ego of Brock Music.  In the prior arbitration, Richards did not allege that Mr. Brock was the
alter-ego of Brock Music, but unsuccessfully asserted a cause of action based on fraud against
Brock Music.   Richards obtained a judgment based upon breach of contract against Brock
Music, not Mr. Brock.

        Mr. Brock lives and works in Tennessee.   Brock Declaration ¶ 18.   Mr. Brock's only
substantive contacts with the State of Texas exist because of his performance of his duties as
president of Brock Music.   *Id.*   When a plaintiff seeks to hale an individual defendant into a
jurisdiction for acts arising out of his employment with a corporation over which the forum
state has jurisdiction, the fiduciary shield doctrine is triggered.   "Under the fiduciary shield
doctrine. . . an individual's connection with the forum state solely as a corporate officer does not
by itself create personal jurisdiction over that individual--even though the forum state may
have personal jurisdiction over the corporation."   *Burchfield v. Stein*, No. Civ. A. 3:01-CV-2529,
2002 WL 318341, *6  (N.D. Tex. Feb. 27, 2002) (Fish, J.).   Mr. Brock's contacts with Texas exist
solely because of his role as a corporate officer of Brock Music.   Richards may not impute Brock
Music's contacts with this forum to Mr. Brock, individually.

        Richards will likely argue that it has alleged that Brock Music is the alter ego of Mr.
Brock and that the fiduciary shield doctrine does not apply.  This argument is not applicable

here. The conclusory allegations relating to alter-ego are untrue. Brock Declaration ¶ 22. Richards' controverted, conclusory allegations will not suffice to manufacture jurisdiction over Mr. Brock. *See Latshaw*, 167 F.3d at 211 (holding that a court must accept as true the plaintiff's *uncontroverted* allegations). Mr. Brock and Brock Music, who is not a party to this action, operate separately and independently. Although Mr. Brock is the owner and president of Brock Music, he does not commingle funds, enter into contracts individually, nor has he diverted the assets of Brock Music. Brock Declaration ¶ 22. Simply, Mr. Brock and Brock Music are not one in the same. This argument is raised to harass and obtain jurisdiction over Mr. Brock and force him to travel to Texas to defend an action that has already been decided.

Other than his contacts with Texas as an officer of Brock Music, Mr. Brock has no contacts with this state. Mr. Brock owns no property in this state, entered into any contracts—in his individual capacity—with any person located in this state, has not operated a business that maintains an office in this state, has no agents or servants in this state (other than counsel required to defend this action). Mr. Brock has not resided in Texas within the last thirty (30) years. Mr. Brock's contacts to Texas are at the most random and fortuitous, and do not constitute "continuous and systematic contacts."

B.      This Action does not Arise out of Mr. Brock's or BMPI' Actions Directed at Texas.

The allegations made in the Petition relate to conduct occurring in Tennessee, not Texas. The crux of Richards' claims in this action—which are patently false—are that Mr. Brock transferred assets to BMPI to divert them from Brock Music, against whom Richards has obtained a judgment. As stated above, this is untrue. Brock Music and BMPI are in different lines of business within the music industry and do not share the same assets, nor were assets transferred from Brock Music to BMPI. Brock Declaration ¶ 7, 22.

In any event, the alleged conduct occurred solely in Tennessee, not Texas. The cause of action arises out of alleged activities directed solely at Tennessee, i.e., the alleged transfer of assets from one Tennessee entity to another Tennessee entity. For specific jurisdiction to lie, the

causes of action must arise out of the defendants conduct directed at the forum state. *See Luv N'*
*Care*, 438 F.3d at 469. The only contacts with the State of Texas that involve these two parties
are Brock Music's contacts with the state. Brock Music, who is not a party to this action, entered
into a contract with Richards. The Defendants have not entered into a contract with Richards.
Richards obtained a judgment on a breach of contract against Brock Music. The Defendants
were not parties to the arbitration that gave rise to the Judgment. Accordingly, the only
contacts with the State of Texas are Brock Music's contacts, and the dispute between those
parties has been fully litigated. Accordingly, specific jurisdiction does not lie against either of
the Defendants.

C.     **The Exercise of Jurisdiction would "Offend Traditional Notions of Fair Play and
       Substantial Justice.**

Here, minimum contacts do not exist, and the Court need not engage in any further
analysis. However, even if the Court finds that minimum contacts do exist, the exercise of
jurisdiction over the Defendants would be inconsistent with the Due Process Clause's
requirement of fairness.

The fairness inquiry requires a court to examine "(1) the burden on the nonresident
defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the
interest of the interstate judicial system in the efficient administration of justice, and (5) the
shared interest of the several states in furthering fundamental social policies." *Luv N' Care*, 438
F.3d at 473.

First, to require Mr. Brock or BMPI, both Tennessee residents, to litigate claims made in
Texas would impose a heavy and unnecessary burden on the Defendants. Second, Tennessee
has a stronger interest in resolving a dispute alleging a fraudulent transfer of assets between
two Tennessee corporation than does Texas. Furthermore, it would offend the effective
administration of justice if this case were litigated in Texas because most, if not all, of the
witnesses with knowledge of BMPI, its assets, and its formation are located in Tennessee. Brock

Declaration ¶ 23.  Accordingly, it would offend the notions of fair play and substantial justice to require two Tennessee residents with no substantial contacts with the State of Texas to come to this forum to litigate issues which Richards could have raised—albeit unsuccessfully—in the prior action.

## III.   CONCLUSION

The Court does not have jurisdiction over Mr. Brock or BMPI.  Neither of the Defendants have had continuous and systematic contacts with the State of Texas, and this matter does not arise out of any actions that Mr. Brock or BMPI directed towards Texas.  Accordingly, Mr. Brock and BMPI respectfully request that the Court dismiss this case for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).

Dated:  May  3, 2006                                Respectfully submitted,

                                                    _____
                                                    Geoffrey S. Harper
                                                    State Bar No. 00795408
                                                    Kiprian E. Mendrygal
                                                    State Bar No. 24041472
                                                    **FISH & RICHARDSON P.C.**
                                                    1717 Main Street, Suite 5000
                                                    Dallas, TX 75201
                                                    214/747-5070 (telephone)
                                                    214/747-2091 (facsimile)

                                                    **ATTORNEYS FOR DEFENDANTS**
                                                    JEFFREY S. BROCK AND BROCK MUSIC
                                                    PRODUCTIONS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served, via FACSIMILE, upon all counsel of record, as identified below, on May 10, 2006:

Scott S. Hershman
Lackey Hershman, L.L.P.
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
Telephone: (214) 560-2201
Telecopy: (214) 560-2203

*Attorney for Plaintiff*

*The Richards Group, Inc.*

_____
Kiprian E. Mendrygal

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| THE RICHARDS GROUP, INC., | § | |
| Plaintiff, | §<br>§ | NO. 3:06-CV-0799-D |
| vs. | §<br>§ | |
| JEFFREY S. BROCK AND BROCK | § | |
| MUSIC PRODUCTIONS, INC., | § | |
| Defendants. | §<br>§ | |

## DECLARATION OF JEFFREY S. BROCK IN SUPPORT OF MOTION TO DISMISS

I, Jeffrey S. Brock, declare as follows under penalty of perjury:

1.    My name is Jeffrey S. Brock. I am over the age of twenty-one and competent to make this affidavit. I have not been convicted of a felony or a crime of moral turpitude. The facts stated in this affidavit are true and correct and within my personal knowledge.

2.    I am the President of Brock Music, Inc. ("Brock Music") and Brock Music Productions, Inc. ("BMPI"). I have held those positions since the respective companies was founded. It is in that capacity that I have obtained the personal knowledge of the facts contained herein.

### BROCK MUSIC PRODUCTIONS, INC.

3.    BMPI is a Tennessee corporation. BMPI was incorporates in early 2006. At all times of its existence BMPI has maintained its only place of business in the State of Tennessee.

4.    BMPI has never maintained an office in the State of Texas. BMPI has never maintained or owned any property in the State of Texas.

5.      BMPI has never maintained any place of business in Texas, and has no employees, agents, or servants within the State of Texas.

6.      BMPI is a record project company that does not produce custom music for advertisers or films.

7.      Although there is common ownership, BMPI has no affiliation with Brock Music, which is a company that produces music for advertisements and films.  Brock Music is still in operation today and no assets of Brock Music have been transferred to BMPI.  Instead, they are two companies that have different business models and cater to different clientele.

8.      BMPI does not have an Internet web site that is viewable in Texas.

9.      BMPI does not advertise or otherwise solicit individuals or companies in Texas. BMPI has never sold a product in Texas.

10.      BMPI has never been licensed to do business in the State of Texas, has never had a telephone listing in the State of Texas, and has never owned, rented, or leased any real or personal property in Texas

11.      BMPI has never entered into a contract with any person or company in Texas.   No BMPI employee or representative has ever traveled to Texas on company business.

12.      BMPI has never advertised for or trained any employees in Texas.  BMPI has never actively recruited any employees in Texas.

13.      BMPI has no stockholders in Texas.

14.      BMPI has never held a shareholders' meeting or board of directors meeting in Texas.

15.      BMPI does not engage in any business in the State of Texas.  Moreover, BMPI has never committed a tort in the State of Texas.

16.     BMPI has never conducted any banking business or record keeping functions in

Texas, has never applied for a bank loan or acted as a guarantor or cosigner on a bank loan in Texas,

has never paid or been obligated to pay a franchise tax in Texas, and has never filed an individual,

joint, or consolidated income tax return in Texas.

17.     BMPI is a small company with 1 employee.  It has limited finances, which the

company is using to develop its business.  Because BMPI 's offices are more than six hundred miles

from the United States District Court for the Northern District of Texas courthouse, it would be

extremely burdensome and expensive for it to litigate this dispute in Texas.  This problem is

exacerbated by the fact that most of the witnesses BMPI would need to use at trial reside in the State

of Tennessee.

## JEFFREY S. BROCK

18.     I am a resident of the State of Tennessee.  I have been residing in the State of

Tennessee continuously since 1976.

19.     I have not resided in the State of Texas since 1976.

20.     I have not owned or maintained any property in the State of Texas since 1976.  I have

not operated any business that has had an office in the State of Texas since 1976.

21.     I have no employees, agents, or servants within the State of Texas.

22.     I have not taken any of the property of Brock Music or in any way commingled the

assets of the company with my own assets.  I have not diverted any of the assets of Brock Music

away from the company to avoid any debt, including the judgment of the Richards Group.  However,

any allegations that I did take such actions (such as contained in Plaintiffs' Original Petition) relate

solely to actions I would have taken in Tennessee while a resident of the State of Tennessee.

23.    Because my residence and place of business are both more than six hundred miles from the United States District Court for the Northern District of Texas courthouse, it would be extremely burdensome and expensive for me to litigate this dispute in Texas. This problem is exacerbated by the fact that most of the witnesses I would need to use at trial reside in the State of Tennessee.

24.    In the last five years, I have traveled to Texas approximately 3 times, each of which was as an employee of Brock Music on Brock Music business. I did drive a truck through the state of Texas in January of 2006 as I was driving from Nashville to Phoenix on personal business that I needed to conduct in Arizona.

I declare under penalty of perjury that foregoing is true and correct.

Jeffrey S. Brock