FILED

AUG 13 AM 12:00

JIM HAMLIN
DISTRICT CLERK
DALLAS CO., TEXAS
_____DEPUTY

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE RICHARDS GROUP, INC.,    §
                             §
        Plaintiff,           §         NO. 3:06-CV-0799-D
                             §
vs.                          §
                             §
JEFFREY S. BROCK AND BROCK   §
MUSIC PRODUCTIONS, INC.,     §
                             §
        Defendants.          §

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 1 2 2006

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

<u>MEMORANDUM IN SUPPORT OF MOTION TO COMPEL</u>

The Richards Group, Inc. ("Plaintiff" or "TRG") submits this Memorandum in Support of its

Motion to Compel against Defendants Jeffrey S. Brock ("Brock") and Brock Music Productions, Inc.

("BMPI") (collectively, "Defendants") and respectfully requests the court to compel Defendants to

respond to discovery as required, produce a privilege log and award Plaintiff reasonable attorneys'

fees and costs associated with the motion.

## I.
## PRELIMINARY STATEMENT

Plaintiff brings this Motion to Compel Defendants to fulfill their discovery obligations and

respectfully requests attorneys' fees and costs for Defendants' failure to completely and adequately

respond to Plaintiff's discovery requests on jurisdiction, and for Defendants' refusal to confer on the

substantive discovery issues presented in this motion.

## II.
## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

1.      Plaintiff sued Defendants on April 11, 2006, seeking a declaration that Defendants are

jointly and severally liable for a $220,831.40 judgment obtained against Brock Music, Inc. on

---

February 28, 2006. Plaintiffs have asserted claims that Defendant Brock (a) is the alter ego of Brock Music; (b) used Brock Music as a corporate sham to perpetrate fraud on Plaintiff and (c) transferred the assets of BMPI with the intent to hinder, delay, or defraud his creditors, including Plaintiff.

      2.      On May 10, 2006, Defendants filed Defendants Jeffrey S. Brock and Brock Music Productions, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss"); the original date for Plaintiff to respond to the Motion to Dismiss was May 30, 2006.

      3.      On May 26, 2006 Plaintiff and Defendants filed an Agreed Motion for Continuance on the Deadline for Plaintiff's Response to the Motion to Dismiss so Plaintiff could conduct discovery on jurisdictional issues. The Parties requested the deadline for Plaintiff to respond to the Motion to Dismiss be moved to August 30, 2006.

      4.      The Agreed Motion was granted by Order dated May 30, 2006.

      5.      On June 28, 2006 Plaintiff served via hand delivery discovery requests via hand delivery ("Discovery Requests") on Defendants. Specifically, Plaintiffs served:

    1)    Plaintiff's First Set of Interrogatories on Jurisdictional Issues to Defendant Jeffrey S. Brock;

    2)    Plaintiff's First Set of Interrogatories on Jurisdictional Issues to Defendant Brock Music Productions, Inc.;

    3)    Plaintiff's Request for Production of Documents on Jurisdictional Issues to Defendant Jeffrey S. Brock;

    4)    Plaintiff's Request for Production of Documents on Jurisdictional Issues to Defendant Brock Music Productions, Inc.;

    5)    Plaintiff's Request for Admissions to Jeffrey S. Brock on Jurisdictional Issues; and

6)     Plaintiff's Request for Admissions to Brock Music Productions, Inc. on Jurisdictional Issues.[1]

6.     The deadline for Defendants to respond to the Discovery Requests was June 29, 2006.[2]

7.     The Court entered a Scheduling Order on July 3, 2006 setting dates for pretrial practice including general fact discovery (April 1, 2007) and summary judgment other motion practice (June 1, 2007). The Scheduling Order provides that this case will be set for trial by separate motion.

8.     Defendants produced the following responses ("Defendants' Responses"):

1)     Defendants' Response to Plaintiff's First Set of Interrogatories on Jurisdictional Issues to Defendant Brock Music Productions, Inc.

2)     Jeffrey S. Brock's Response to Plaintiff's First Set of Interrogatories on Jurisdictional Issues;

3)     Defendants' Response to Plaintiff's Request for Production of Documents on Jurisdictional Issues to Defendant Jeffrey S. Brock;

4)     Defendants' Responses to Plaintiff's Request for Production of Documents on Jurisdictional Issues to Defendant Brock Music Productions, Inc.;

5)     Defendants' Response to Plaintiff's Request for Admissions to Jeffrey S. Brock on Jurisdictional Issues; and

6)     Brock Music Productions, Inc.'s Responses to Plaintiff's Request for Admissions on Jurisdictional Issues.[3]

---

[1]   Plaintiff's Discovery Requests, Appendix ("App.") 1 – 12.

[2]   The Fed. R. Civ. P. require discovery responses to be served within 30 days after service of requests (FED. R. CIV. P. 33(b)(3) (interrogatories); 34(b) (production of documents and things and entry upon land for inspection); 36(a) (admissions)).

[3]   Defendant's Responses, App. 13 – 57.

9.      Plaintiff contacted Defendant to confer about Defendants' Responses and scheduling issues in this case on August 4, 2006 via letter and voicemail; on August 8, 2006 via letter and voicemail and on August 10, 2006 via letter, voicemail and an exchange of email.[4]

### III.
### ARGUMENT

**A.      Defendants' Responses Were Untimely, They Should Be Held To Have Waived Any Objections and Their Admissions Should be Deemed Conclusively Established**

10.      Defendants' Discovery Responses were not timely served.  The Requests were served via hand delivery June 28, 2006.[5]  The certificates of service on Defendants' Responses indicate varying dates (July 31 and August 1) and methods (hand delivery and certified mail) of service, none of which was timely.[6]  Defendants should be deemed to have waived any objections and the admissions deemed conclusively established.[7]  Plaintiff requests Defendants produce supplemental responses providing full and complete answers, without objections.  Defendants have proffered no excuse for their tardy responses, and have refused to participate in resolving these discovery issues created by their untimely and deficient responses.

---

[4] Correspondence from Plaintiff to Defendants regarding the Discovery Responses and scheduling issues App. 58 – 65.

[5] *See* certificates of service on the Discovery Requests, App. 1 – 12.

[6] Defendants' certificates of service, App. 19, 26, 34, 44, 51 and 57.

[7] FED. R. CIV. P. 36(a).

## B.     Defendants Improperly Interpose Objections and Refuse to Respond to the Bulk of Plaintiff's Requests

11.     Defendants have refused to respond to many of the Discovery Requests even though the information requested is central to jurisdictional and substantive case issues.  Moreover, the Requests are simple and straightforward, seeking basic corporate and financial information, including documents evidencing corporate operations and the business relationship between Defendants, both of which are directly relevant to the issues at hand.   Instead of providing substantive responses, Defendants merely repeat the same 3 objections: 1) that the information is irrelevant and not likely to lead to discoverable information; 2) that the information is "private and confidential"; and 3) that the request is overly broad, unduly burdensome and harassing.[8] Defendants' boilerplate objections, merely copied from response to response, are without merit.

12.     The documents requested are precisely the kind of documents that a court would look to in making a finding of whether two corporations have been maintained separately, or whether one corporation is merely an alter-ego or "sham" of the other.[9]  For example, Plaintiff seeks contracts, documents and information relating to ownership of assets, banking and financial records, employee information, documents and information evidencing communications between Defendants, and

---

[8] *See e.g.* BMPI's Response nos. 1, 3, 5, 6, 8, 9, 10, 11, 12, 14, 15, 17, 18, 19, 20, 21 and 25 to Requests for the Production of Documents and Brock's Response nos. 1, 2, 4, 5, 6, 7, 9, 10, 12, 13, 15, and 22 to Requests for the Production of Documents, BMPI's Response nos. 4, 8, 10, and 14 to First Set of Interrogatories, Brock's Response nos. 5, 6, 7, 8, and 9 to First Set of Interrogatories, App. at 13 – 57.

[9] *Curflow Houston, Inc. v. Theriot*, 849 S.W.2d 928, 931 (Tex. Civ. App. – Houston [1st Dist.], 1993) (factors a court may consider in deciding an alter-ego claim include:  common employees; common offices; centralized accounting; payment by one corporation of wages of the other corporation's employees; common business name; services rendered by employees of corporation on behalf of the other corporation; undocumented transfers of funds between corporations; and unclear allocation of profits and losses between corporations.).

---

documents and information related to the Defendant's contracts within this jurisdiction, and related to this jurisdiction.

13.     Although not claiming attorney-client privilege or formally seeking protection of trade-secret information, Defendants also object and refuse to answer many Requests because the information is "private and confidential."[10]   Defendants fail to provide any information or explanation as to why the routine business documents sought in the Requests are so "private and confidential" as to excuse Defendants from their obligation to respond to the Requests.  If necessary to protect trade-secrets or proprietary information, Plaintiff will agree to keep the documents and other information produced by Defendants confidential.  However, the Requests merely seek garden variety business documents which are routinely produced in litigation without the need for special arrangements.  Plaintiff is also unaware of any facts that suggest sensitive documents have been requested or even exist.

14.     Finally, Defendants refuse to respond to many requests on the basis that the requests are "overly broad, unduly burdensome and harassing."[11]  Again Defendants fail to provide any hint of why or how the requests are overbroad or unduly burdensome.  This is a particularly curious response, as Defendants state in their Responses that BMPI was only formed "few months ago."  It is surprising that in such a short amount of time BMPI has amassed so many business documents that it would be burdensome for Defendants to review and produce them.

---

[10]  *See* n. 9, *supra.*

[11]  *See* n. 9, *supra.*

**C.     Defendants' Responses Are Incomplete and Provide Less Information Than Requested**

15.     Defendants provide only limited or partial answers to a number of the Discovery Requests.  Some of the Requests, which Defendants do not completely answer, seek information about each Defendant's ownership of assets, customer relationships, and financial transactions.  This information is central to Plaintiff's allegation of alter-ego, which bears directly on the issues raised in Defendants' Motion to Dismiss.  Defendants have limited their responses as they relate to Texas only.[12]  However, the request is not similarly limited, and evidence of the Defendant's ownership of assets, customer relationships, and financial transactions is relevant to the jurisdictional and alter-ego issues, even if they took place someplace other than Texas.

**D.     Plaintiffs Request a Privilege Log**

16.     Defendants refuse to respond to some Discovery Requests, asserting that production is shielded by the attorney-client privilege.  Plaintiff requests Defendants produce a detailed privilege log for all documents it is refusing to produce based on a privilege of any kind.[13]

---

[12]  BMPI's Response nos. 8, 10, and 14 to the First Set of Interrogatories and Brock's Response nos. 5, 6, and 7 to the First Set of Interrogatories, App. 13 – 26.

[13]  FED. R. CIV. P. 26(b)(5) (When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.).

---

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

## IV.
## REQUEST FOR RELIEF

For the reasons set forth above, Plaintiff respectfully requests the Court enter an order compelling Defendants to fully and adequately respond to Plaintiff's Discovery Requests without interposing objections, ordering Defendants to produce a privilege log, and awarding Plaintiff its attorneys' fees and costs associated with this Motion. WHEREFORE, Plaintiffs respectfully request that the Court grant the foregoing motion in its entirety and grant whatever further and other relief the Court deems necessary and just.

Respectfully submitted,

LACKEY HERSHMAN, L.L.P.

By: _____

Scott S. Hershman
State Bar No. 00793205
Jamie R. Welton
State Bar No. 24013732
Michelle M. Kostun
State Bar No. 24046237

3102 Oak Lawn Avenue
Suite 777
Dallas, Texas  75219-4241
Telephone: (214) 560-2201
Telecopier: (214) 560-2203

**ATTORNEYS FOR PLAINTIFF
THE RICHARDS GROUP, INC.**

## CERTIFICATE OF SERVICE

This is to certify that on the 11th day of August, 2006, a true and correct copy of the

foregoing Memorandum in Support of Motion to Compel has been forwarded to the following

counsel for Defendants via regular mail in accordance with the Federal Rules of Civil Procedure:

Geoffrey S. Harper
Fish & Richardson, P.C.
5000 Bank One Center
1717 Main St.
Dallas, TX 75201

Michelle M. Kostun

\\Svr001\Firm Documents\THE RICHARDS GROUP\TRG-Brock\pleadings\Memorandum in Support of Motion to Compel.doc

---