FILED

ORIGINAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS** AUG 12 AM 12: 00
**DALLAS DIVISION**

JIM HAMLIN
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY

| | | |
|---|---|---|
| **THE RICHARDS GROUP, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | **NO. 3:06-CV-0799-D** |
| | § | |
| vs. | § | |
| | § | |
| **JEFFREY S. BROCK AND BROCK** | § | |
| **MUSIC PRODUCTIONS, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

AUG 1 2 2006

CLERK, U.S. DISTRICT COURT
By _____
Deputy

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION TO ENLARGE TIME

Pursuant to FED. R. CIV. P. 6(b), Plaintiff The Richards Group asks the court to enlarge the time to respond to Defendants Jeffrey S. Brock ("Brock") and Brock Music Productions, Inc.'s ("BMPI") Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(2) and complete jurisdictional discovery.

### I.
### PRELIMINARY STATEMENT

1.      Plaintiff sued Defendants on April 11, 2006, seeking a declaration that Defendants are jointly and severally liable for a $220,831.40 judgment obtained against Brock Music, Inc. on February 28, 2006.  Plaintiffs have asserted claims that defendant Brock (a) is the alter ego of Brock Music; (b) used Brock Music as a corporate sham to perpetrate fraud on Plaintiff and (c) transferred the assets of BMPI with the intent to hinder, delay, or defraud his creditors, including Plaintiff.

2.      On May 10, 2006, Defendants filed Defendants' Jeffrey S. Brock and Brock Music Productions, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss"); the original date for Plaintiff to respond to the Motion to Dismiss was May 30, 2006.

---

3.     On May 26, 2006 Plaintiff and Defendants filed an Agreed Motion for Continuance on the Deadline for Plaintiff's Response to the Motion to Dismiss so Plaintiff could conduct discovery on jurisdictional issues.  The Parties requested the deadline for Plaintiff to respond to the Motion to Dismiss be moved to August 30, 2006.

4.     The Agreed Motion was granted by Order dated May 30, 2006.

5.     On June 28, 2006 Plaintiff served via hand delivery discovery requests ("Discovery Requests") on Defendants.  Specifically, Plaintiffs served:

> 1)  Plaintiff's First Set of Interrogatories on Jurisdictional Issues to Defendant Jeffrey S. Brock;
>
> 2)  Plaintiff's First Set of Interrogatories on Jurisdictional Issues to Defendant Brock Music Productions, Inc.;
>
> 3)  Plaintiff's Request for Production of Documents on Jurisdictional Issues to Defendant Jeffrey S. Brock;
>
> 4)  Plaintiff's Request for Production of Documents on Jurisdictional Issues to Defendant Brock Music Productions, Inc.;
>
> 5)  Plaintiff's Request for Admissions to Jeffrey S. Brock on Jurisdictional Issues; and
>
> 6)  Plaintiff's Request for Admissions to Brock Music Productions, Inc. on Jurisdictional Issues.[1]

6.     The deadline for Defendants to respond to the Discovery Requests was July 28, 2006.

7.     The Court entered a Scheduling Order on July 3, 2006 setting dates for pretrial practice including general fact discovery (April 1, 2007) and summary judgment other motion

---

[1] *See* Appendix ("App.") 1 – 12 to Plaintiff's Motion to Compel filed simultaneously with this Motion to Enlarge Time.

practice (June 1, 2007). The Scheduling Order provides that this case will be set for trial by separate motion.

8.     Defendants produced the following responses ("Defendants' Responses"):

1) Defendants' Response to Plaintiff's First Set of Interrogatories on Jurisdictional Issues to Defendant Brock Music Productions, Inc.

2) Jeffrey S. Brock's Response to Plaintiff's First Set of Interrogatories on Jurisdictional Issues;

3) Defendants' Response to Plaintiff's Request for Production of Documents on Jurisdictional Issues to Defendant Jeffrey S. Brock;

4) Defendants' Responses to Plaintiff's Request for Production of Documents on Jurisdictional Issues to Defendant Brock Music Productions, Inc.;

5) Defendants' Response to Plaintiff's Request for Admissions to Jeffrey S. Brock on Jurisdictional Issues; and

6) Brock Music Productions, Inc.'s Responses to Plaintiff's Request for Admissions on Jurisdictional Issues.[2]

9.     Plaintiff contacted Defendant to confer about Defendants' Responses and scheduling issues in this case on August 4, 2006 via letter and voicemail; on August 8, 2006 via letter and voicemail and on August 10, 2006 via letter, voicemail and an exchange of email.[3]

## II.
## ARGUMENT

10.     This court may grant a request for an extension of time for "cause shown." FED. R. CIV. P. 6(b); *Jenkins v. Commonwealth Lane Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996).

---

[2] *See* App. 12 – 57 to Plaintiff's Motion to Compel filed simultaneously with this Motion to Enlarge Time.

[3] Correspondence from Plaintiff to Defendants regarding the Discovery Responses and scheduling issues, App. 58 – 65 to Plaintiff's Motion to Compel filed simultaneously with this Motion to Enlarge Time.

11.     Plaintiff reluctantly seeks to enlarge the time to respond to Defendants' Motion to Dismiss and to complete jurisdictional discovery.  Plaintiff wants no delay in this case – the very basis of this litigation is the recovery of a judgment it has already secured against Brock Music, Inc. Plaintiff has already secured a legal victory resulting in a monetary judgment in its favor.

12.     Plaintiff has had to bring this litigation however, because Defendants' bad faith and fraudulent conduct have prevented Plaintiff realizing on this judgment. Delay is of no benefit to Plaintiff.

13.     Defendants seek dismissal of the present action, asserting lack of personal jurisdiction.  The Parties agreed and the Court Ordered limited jurisdictional discovery.

14.     Plaintiffs propounded jurisdictional discovery briefs.  Defendants' Responses were untimely and inadequate.  Plaintiff repeatedly attempted to confer with Defendants regarding the discovery responses, but Defendants have refused to respond.  Defendants' refusal to address the discovery deficiencies prejudice Plaintiff by keeping information Plaintiffs needs to respond to the Motion to Dismiss out of its reach.[4]

15.     After providing Defendants with every opportunity to confer on these discovery issues, Plaintiff is left with little recourse but to seek an enlargement of time to respond to Defendants' Motion to Dismiss so it can seek Court intervention and resolution of the discovery disputes.  Plaintiff has filed a Motion to Compel simultaneously with this request for an enlargement of time.  Plaintiff seeks to enlarge the deadlines for responding to the Motion to Dismiss and for

---

[4] *See* App. 58 – 65 to Motion to Compel filed simultaneously herewith and related Appendix.

jurisdictional discovery for the purposes of obtaining full and complete discovery responses from Defendants.

16.     Plaintiff respectfully requests the court to enlarge the deadline to respond to Defendant's Motion to Dismiss from August 29, 2006 to November 15, 2006 and to extend the deadline to complete jurisdictional discovery from September 29, 2006 to December 1, 2006.

17.     If Defendants were to produce full and complete discovery responses and agree to dates for their depositions, Plaintiff believes both the response and jurisdictional discovery can be completed sooner that these suggested dates.  Plaintiff suggests these longer deadlines to ensure that the Parties have enough time to deal with future issues should they arise, without having to seek another extension from the Court.

18.     This request for an enlargement of time is not sought for delay, but to permit Plaintiff an opportunity to obtain the Ordered jurisdictional discovery.

### III.
### REQUEST FOR RELIEF

19.     Plaintiff requests an extension of time to complete the limited discovery on jurisdictional issues in order to respond to Defendants' Motion to Dismiss.  Defendants failed to adequately respond to Plaintiff's Requests and have ignored Plaintiff's repeated attempts to confer regarding supplementing the Responses.  Accordingly, Plaintiff now seeks and enlargement of time to respond and is simultaneously filing a Motion to Compel.  For these reasons as well as those set forth above, Plaintiff asks the court to extend the time to respond to Defendant's Motion to Dismiss and to complete jurisdictional discovery.

Respectfully submitted,

LACKEY HERSHMAN, L.L.P.

By: _____

Scott S. Hershman
State Bar No. 00793205
Jamie R. Welton
State Bar No. 24013732
Michelle M. Kostun
State Bar No. 24046237

3102 Oak Lawn Avenue
Suite 777
Dallas, Texas  75219-4241
Telephone: (214) 560-2201
Telecopier: (214) 560-2203

**ATTORNEYS FOR PLAINTIFF
THE RICHARDS GROUP, INC.**

## CERTIFICATE OF SERVICE

This is to certify that on the 11th day of August, 2006, a true and correct copy of the

foregoing Memorandum in Support of Motion to Enlarge Time has been forwarded to the following

counsel for Defendants via regular mail in accordance with the Federal Rules of Civil Procedure:

Geoffrey S. Harper
Fish & Richardson, P.C.
5000 Bank One Center
1717 Main St.
Dallas, TX 75201

Michelle M. Kostun

\\Svr001\Firm Documents\THE RICHARDS GROUP\TRG-Brock\pleadings\Memorandum in Support of Motion to Enlarge Time.doc