UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE RICHARDS GROUP, INC., | § § § | NO. 3:06-CV-0799-D |
| Plaintiff, | § § | |
| vs. | § § | |
| JEFFREY S. BROCK AND BROCK MUSIC PRODUCTIONS, INC., Defendants. | § § § § | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Jeffrey S. Brock ("Mr. Brock") and Brock Music Productions, Inc. ("BMPI") (collectively, the "Defendants") file this reply in support of their motion to dismiss for lack of personal jurisdiction, and respectfully show the Court the following:

### I.  INTRODUCTION

While high on rhetoric, Plaintiff's response brief in opposition to the motion to dismiss ignores both the law on personal jurisdiction and the facts of this case. Indeed, a close examination of the statements made by Plaintiff in their brief and the evidence supporting such statements are simply appalling. It is patently clear that Plaintiff has made broad sweeping statements that – where not blatantly false[1] – have been so twisted out of context as to try to cause the Court to ignore the clear separation between the defendants in this case, and the company Brock Music, Inc., a nonparty. As is clear from the evidence before the Court, neither Defendant (both Tennessee residents) is subject to jurisdiction in Texas, and the Court should dismiss the action.

---

[1] Indeed, almost every statement that Plaintiff claims to have "proven" in its preliminary statement is simply false and unsupported by any evidence.

## II. ARGUMENT & ANALYSIS

### A. Standard for Dismissal under Federal Rule of Civil Procedure 12(b)(2)

The parties basically agree on the standard for dismissal for lack of personal jurisdiction. It is worth adding that, under Texas law, alter ego is the exception to the rule that a defendant must disprove all basis of jurisdiction. *Le Meridien Hotels & Resorts v. LaSalle Hotel Operating Partnership, I, L.P*, 141 S.W.3d 870, 878 (Tex. App. – Dallas 2004, no writ). "Texas law allows the nonresident corporation to rely upon the Texas presumption of corporate separateness. Accordingly, the claimant must prove the nonresident corporation is actually the alter ego of the resident corporation." *Id.* (citing *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 798 (Tex. 2002)).

In their response brief, Plaintiff alleges only two grounds for imposing liability on Mr. Brock and BMPI. First, Plaintiff alleged that both BMPI and Brock are subject to jurisdiction as the "alter egos" of Brock Music. Second, Plaintiff alleges that Mr. Brock is subject to personal jurisdiction due to his personal interest in the contract. The Court should reject both arguments and dismiss this litigation.

### B. BMPI is not Subject to Jurisdiction in Texas.

Plaintiff's sole ground for claiming jurisdiction against BMPI is that it is somehow the "alter ego" of Brock Music. There is no evidence whatsoever to support this statement.

It is undisputed that *no assets have been transferred from Brock Music to BMPI*, BMPI is not the successor to Brock Music, and the entities are unrelated. Brock Declaration ¶¶ 6-7.

If, as Plaintiff somehow suggests, BMPI was created to avoid responsibility for the judgment, BMPI has done a lousy job. BMPI is a new start up business that has contacted no Brock Music clients, has no Brock Music assets, and is floundering to the point that it has already ceased doing business. Brock Declaration ¶¶ 6-7; Brock Depo. P. 20 (A149). In a strange move designed to establish jurisdiction, Plaintiff falsely states in their opposition that somehow BMPI contacted Brock Music clients, citing to A149. However, reviewing the

deposition transcript shows nothing of the sort, instead showing that BMPI was contacting "people we had already done business with in a record production business or film business. People we were prospecting to that we just happened to find their contact information, mostly cold calls." A 149. There is no statement that any Brock Music clients were contacted, rather just other people Mr. Brock knew. Indeed, there is simply no statement in the deposition that supports Plaintiff's allegation that any Brock Music clients were contacted.

Similarly, Plaintiff falsely states that BMPI is using Brock Music's music equipment. But the deposition transcript clearly states that BMPI is not doing any business, has no clients, and has not used any music equipment. See Brock Depo. at 20 (A149)

BMPI admits that it has common ownership as Brock Music. BMPI also freely admits that it rented the same office space as Brock Music (both companies rented the space from Creative Caffeine subject to written agreements). Beyond that, there are no connections between the companies. Plaintiff's statement that BMPI is "not paying" rent is utterly misleading as BMPI owes rent, but is not paying due to lack of funds. There is no evidence or suggestion that BMPI is not owing rent and hoping to pay. Despite bold unsupported statements by Plaintiff that the business of Brock Music has somehow been usurped, there is not a single piece of evidence to support this claim. (Admittedly, that would be hard to do in light of the fact that BMPI has done no business and therefore could have usurped nothing. See A149)

BMPI is not engaged in a common business as Brock Music, seeks different clients, performs different business, etc. Brock Declaration ¶¶ 6-7. It does not share a web site or advertise with Brock Music. It does not share employees with Brock Music. It has never been identified with Brock Music in any way (other than this lawsuit). Plaintiff has cited to no evidence for any such maneuver because none exists. As Plaintiff notes in the cases cited to the Court, these are the factors that court's examine for alter ego.

There is no evidence or allegation that Brock Music controls BMPI or vice versa. They are two separate business entities. BMPI was financed with personal money from Mr. Brock subject to a documented written loan, not funds from Brock Music. A149-50. And no BMPI funds have ever gone to Brock Music nor have any Brock Music Funds ever gone to BMPI. *See* Brock Declaration ¶ 7.

Plaintiff falsely states in its Response brief (repeatedly) that Mr. Brock somehow took money from Brock Music, Inc. to found BMPI. The entire "evidence" supporting this statement (which is made at least 10 times in the brief) is a statement on page 12 of Plaintiff's brief that "It is reasonable to infer that" the money should have gone to Brock Music. That "reasonable inference" is supported by nothing more than the bald-faced statement of Plaintiff's counsel, which it then claims as supported fact through the rest of its brief. This, like many other of Plaintiff's allegations, lacks any evidentiary support.[2]

Another example of Plaintiff's efforts to distort facts is the statement that bills were paid by whatever entity had money without regard to debt. Plaintiff attempts to support this utterly false allegation by a quote from Mr. Brock on page 13 of their response whereby Mr. Brock answered whose name the bills were sent in, not who paid the bills. Compare Response at 13 with A182. The actual quote has Mr. Brock saying that the bill was paid by the entity responsible for payment regardless of whose name the bill might be sent to (noting that the bill was often sent to a company that was not even in existence.). A182. At no point is there any evidence that BMPI ever paid any Brock Music bill or vice versa. Plaintiff's "proven fact" is simply mythical and untrue.

BMPI is not the alter ego of Brock Music. They are two separate operating companies designed to appeal to two different markets. BMPI, therefore, should be dismissed.

---

[2]  Indeed, the rest of the documentation supplied by Plaintiff shows that Mr. Brock was personally hired as the composer, not Brock Music, Inc. *See* A218. Thus, the funds were owed to Mr. Brock, not the company. Why Plaintiff would then ask the Court to infer theft is difficult to explain.

C. <u>Mr. Brock is Not Subject to Jurisdiction in Texas.</u>

Plaintiff alleges both that Brock Music is the alter ego of Mr. Brock and that Mr. Brock is somehow subject to jurisdiction in Texas separately. Both of these arguments are unsupported.

At the outset, it is worth noting that in all of the facts listed by Plaintiff, it is difficult to determine what it contends supports the fact that Mr. Brock is the alter ego of Brock Music.

There is no allegation that Brock Music has not properly followed all corporate formalities. There is no allegation that Mr. Brock ever held himself out as Brock Music or vice versa. All contracts entered into either by Mr. Brock or his company were clearly identified. No Brock Music money was ever commingled or used to pay Mr. Brock's debts.

The sole points raised appear to be that (a) Mr. Brock took money aimed for Brock Music (as noted above, an utterly unsupported statement except for Plaintiff's "inference"), (b) Brock Music did not have funds available to indemnify Plaintiff, (c) somehow Brock owes Brock Music money, and (d) Mr. Brock had "publishing rights" to music he created for Brock Music.

There is no indication that Brock Music was inadequately capitalized. Under Texas law, inadequate capitalization is not enough to pierce a corporate veil for jurisdiction purposes. *Ramirez v. Hariri*, 165 S.W.3d 912, 917 (Tex. App. - Dallas 2005, no pet.). Indeed, because, under Texas law, a corporation can be capitalized for as little as $1,000.00, a small amount of capital does not allow the veil to be pierced unless there is evidence that the purpose of the low capitalization was to commit a fraud. *Torregrossa v. Szelc*, 603 S.W.2d 803, 804-05 (Tex. 1980). Moreover, here, there is no evidence of what the capitalization was of Brock Music at any time, other than Mr. Brock's candid statement that, at the time Brock Music signed the contract at issue with Plaintiff, it could not have paid a $250,000 indemnification claim had one arisen. But this is not the test. Corporations frequently find themselves unable to pay obligations. That does not mean that they were inadequately capitalized for the day-to-day operations of the company. There is no evidence of inadequate capitalization here.

Moreover, Plaintiff's suggestion that Brock would owe Brock Music money is unsupported. Plaintiff correctly notes that Brock Music rents a studio from Mr. Brock's company, Creative Caffeine. Plaintiff also cites the Court to Mr. Brock's testimony that the lease is in writing and that Brock Music is behind in its rent. Plaintiff also cites the Court to Mr. Brock's testimony that, when Brock Music is not using the studio, it is sometimes rented out to others. Plaintiff then makes the bold statement that the rental fee should somehow be paid to Brock Music. This "logic" makes no sense and is unsupported. There is no suggestion that Brock Music – an advertising jingle-making company – is owed money for Creative Caffeine's rental of the Creative Caffeine studio. Just because Brock Music sometimes rents the same studio does not support any allegation that any funds are being commingled. In fact, the repeated testimony that all such agreements are documents and followed argues otherwise.

Finally, there can be no serious allegation that Mr. Brock is subject to personal jurisdiction in Texas due to his personal actions. Plaintiff attempts to argue otherwise noting that Mr. Brock composed a song, had publishing royalty rights to the song, and the song was played in Texas. That does not show purposeful availment of Texas, however. Mr. Brock undisputedly wrote the song as an employee of Brock Music. A159. That song was written in Tennessee for a Tennessee corporation. *Id.* Pursuant to this agreement with the Tennessee corporation as made in Tennessee, he retained certain rights to the song (solely because he did not assign them, not because he took an affirmative act). *See* A159. Mr. Brock did not take any actions toward Texas and, indeed, all of his actions were in Tennessee. The issues underlying this lawsuit – seen by reviewing the petition filed in state court as removed – allege only actions taken in Tennessee as the basis of the allegations.

The Court should reject the argument that Mr. Brock is subject to jurisdiction in Texas.

### III. CONCLUSION

The Court does not have jurisdiction over Mr. Brock or BMPI. Neither of the Defendants have had continuous and systematic contacts with the State of Texas, and this matter does not arise out of any actions that Mr. Brock or BMPI directed towards Texas. Accordingly, Mr. Brock and BMPI respectfully request that the Court dismiss this case for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).

Dated: January 29, 2007

Respectfully submitted,

_____
Geoffrey S. Harper
State Bar No. 00795408
Kiprian E. Mendrygal
State Bar No. 24041472
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
214/747-5070 (telephone)
214/747-2091 (facsimile)

**ATTORNEYS FOR DEFENDANTS**
JEFFREY S. BROCK AND BROCK MUSIC PRODUCTIONS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served, via FACSIMILE, upon all counsel of record, as identified below, on January 29, 2007:

| | |
|---|---|
| Scott S. Hershman<br>Lackey Hershman, L.L.P.<br>3102 Oak Lawn Avenue, Suite 777<br>Dallas, Texas 75219<br>Telephone: (214) 560-2201<br>Telecopy: (214) 560-2203 | *Attorney for Plaintiff*<br>*The Richards Group, Inc.* |

_____
Geoffrey S. Harper