

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE RICHARDS GROUP, INC., | § § | |
| Plaintiff, | § § | NO. 3:06-CV-0799-D |
| vs. | § § § | ECF |
| JEFFREY S. BROCK AND BROCK MUSIC PRODUCTIONS, INC., | § § § | |
| Defendants. | § | |

# TRIAL MEMORANDUM RE: PIERCING THE CORPORATE VEIL

## I.
## INTRODUCTION

Plaintiff The Richards Group ("TRG") provides the Court with this Trial Memorandum Re: Piercing the Corporate Veil to give the Court the legal foundation to determine whether it is appropriate to disregard the corporate fiction with regard to Brock Music, Inc. ("BMI") and Brock Music Productions, Inc. ("BMPI") and rule that Defendant Jeffrey S. Brock ("Brock") and BMPI are liable for the debts of BMI.

## II.
## LEGAL STANDARDS

A. **Tennessee Law Applies.**

It is axiomatic that the Court looks to the laws of the state of incorporation to determine if it is appropriate to disregard the corporate fiction and/or pierce a corporate veil.[1] It is undisputed that Defendant Brock is a resident of Tennessee, and that both BMI and Defendant BMPI were organized

---

[1] *In re Kilroy*, 357 B.R. 411, 425 (Bankr. S.D. Tex. 2006) (holding that the corporate veil should be pierced under Delaware law); *see also Alberto v. Diversified Group, Inc.*, 55 F.3d 201, 203-04 (5th Cir. 1995).

and exist under Tennessee law.[2] As a result, Tennessee law governs whether the Court should disregard the corporate fiction and find that Brock and BMPI are liable for the debts of BMI.

**B.     Tennessee's Legal Standards Governing Veil-Piercing.**

    **1.     Piercing The Corporate Veil Is An Equitable Doctrine.**

Piercing the corporate veil is an equitable doctrine used to prevent injustice resulting from misuse of the corporate form.[3] The determination of whether the corporate fiction should be disregarded is fact intensive and will vary on a case-by-case basis.[4] Tennessee courts do not place any heightened burden of pleading or proof on the party seeking to disregard the corporate fiction. Instead, the party requesting that the corporate fiction be disregarded merely has the burden to show facts demonstrating that relief is warranted.[5]

    **2.     Reasons For Disregarding The Corporate Fiction.**

While a corporation generally has a distinct and separate existence from its owner, this separate fictional entity may be disregarded "upon the showing of special circumstances, such as, that the corporation is a sham or dummy, so that failure to disregard it would result in an injustice."[6] A court may pierce the corporate veil and "disregard the corporate entity in order to impose liability against a related entity, such as a parent corporation or controlling shareholder, where the two

---

[2] *See* Complaint at ¶¶ 2, 3, 7 & 8.

[3] *See Nepp v. Hart*, No. M2005-2024-COA-R3-CV, 2006 WL 2582503, *7 (Tenn. Ct. App. Sept. 7, 2006); *Boles v. Nat'l Dev. Co.*, 175 S.W.3d 226, 244, 245 (Tenn. Ct. App. 2005).

[4] *Pamperin v. Streamline Mfg., Inc.*, No. M2007-00256-COA-R3-CV, 2008 WL 695865, *7 (Tenn. Ct. App. Mar. 17, 2008)

[5] *Nepp*, 2006 WL 2582503 at *8.

[6] *Elec. Power Bd. of Chattanooga v. St. Joseph Valley Structural Steel Corp.*, 691 S.W.2d 522, 526 (Tenn. 1985); *see also Island Brook Homeowners Ass'n v. Aughenbaugh*, No. M2006-02317-COA-R3-CV, 2007 WL 2917781, *5 (Tenn. Ct. App. Oct. 5, 2007).

entities are in fact identical or indistinguishable and where necessary to accomplish justice."[7] Disregarding a corporate fiction is particularly appropriate when the corporation is liable for a debt but is without funds to pay the debt, and that lack of funds is due to misconduct on the part of the corporation's officers or directors.[8] In such circumstances, it is appropriate for a court to pierce the corporate veil to find the true owners of the entity liable or to impose liability against a controlling shareholder who has used the corporate entity to avoid his legal obligations.[9]

### 3. Elements And Factors The Court Is To Consider.

Generally, the three elements required to pierce the corporate veil are: (1) the parent corporation, at the time of the transaction complained of, exercises complete dominion over its subsidiary, not only of finances, but of policy and business practice in respect to the transaction under attack, so that the corporate entity, as to that transaction, had no separate mind, will or existence of its own; (2) such control must have been used to commit a fraud or wrong,[10] to perpetrate the violation... of a positive legal duty, or a dishonest or unjust act in contravention of third parties' rights; and (3) the aforesaid control and breach of duty must proximately cause the

---

[7] *Pamperin*, 2008 WL 695865 at *7.

[8] *Id.* at *6-7; *Boles*, 175 S.W.3d at 244.

[9] *Boles*, 175 S.W. 3d at 244-245.

[10] There is no requirement that the party seeking to pierce the corporate veil establish fraud or criminal conduct. *VP Bldgs., Inc. v. Polygon Group, Inc.*, No. M2001-00613-COA-R3-CV, 2002 WL 15634, *5 (Tenn. Ct. App. Jan. 8, 2002). Instead, the corporate form may be disregarded when necessary to accomplish justice or when the corporate form is used as a sham. *Id.*

injury or unjust loss complained of.[11] To determine if the aforementioned elements are present, Tennessee courts use the so-called *Allen* factors.[12] The *Allen* factors include:

(1) whether there was a failure to collect paid in capital;

(2) whether the corporation was grossly undercapitalized;

(3) the non-issuance of stock certificates;

(4) the sole ownership by one individual;

(5) the use of the same office or business location;

(6) the use of the same employees or attorneys;

(7) the use of the corporation as an instrumentality or business conduit for an individual or another corporation;

(8) the diversion of corporate assets by or to a stockholder or another entity to the detriment of creditors, or the manipulation of assets and liabilities in another;

(9) the use of the corporation as a subterfuge in illegal transactions;

(10) the formation and use of a corporation to transfer to it the existing liability of another entity; and

(11) the failure to maintain arms length relationships among related entities.[13]

---

[11] *St. Joseph Valley*, 691 S.W.2d at 526 (quoting *Cont'l Bankers Life Ins. Co. of the South v. Bank of Alamo*, 578 S.W.2d 625, 632 (Tenn. 1979)). In *Tenn. Racquetball Investors, Ltd. v. Bell*, the Tennessee Court of Appeals recognized that these elements are also required to hold an individual owner of a corporation liable for the debts of the corporation under an alter ego theory. 709 S.W.2d 617, 622 (Tenn. Ct. App. 1986).

[12] *See Pamperin*, 2008 WL 695865 at *8 (*citing Fed. Deposit Ins. Corp. v. Allen*, 584 F. Supp. 386, 397 (E.D. Tenn. 1984).

[13] Some Tennessee courts suggest that this factor itself could provide sufficient basis for disregarding the corporate fiction when there is a complete identity of interests between two entities. *See In re B & L Laboratories, Inc.*, 62 B.R. 494, 507 (Bankr. N.D. Tenn. 1986) (citing *Neese v. Fireman's Fund Ins. Co.*, 386 S.W.2d 918, 921-22 (Tenn. Ct. App. 1964)).

---

The plaintiff seeking to disregard the corporate form need not establish the existence of all of the *Allen* factors to justify piercing the corporate veil.[14] Indeed, any single factor may be conclusive.[15] For example, in *Nepp*, the court focused almost exclusively on the fact that the individual owner of a company co-mingled the company's funds with his personal funds in finding the owner liable for the actions of the company.[16] Similarly, in *VP Buildings*, the court ruled that the individual owner of a company was liable for her company's debt because she had made personal loans to the company and then encumbered the company's only asset after the company was sued.[17]

Of course, there are also instances in which numerous *Allen* factors require that the corporate form be disregarded. For instance, in *Boles*, a class of homeowners filed a breach of contract claim against the home developer ("NDC"), the developer's corporate owner ("Sunstates") and the principal behind both companies ("Engle").[18] The court found that Engle was personally liable for a judgment against NDC because: Engle was president of and controlled both NDC and Sunstates; NDC and Sunstates shared the same business office and phone number; Engle transferred money from NDC to Sunstates without invoices showing the business purpose for the transfers; and, while the case was pending, Engle caused NDC to transfer all it assets to Sunstates in exchange for an unsecured "note.[19] The court disregarded NDC's corporate form and found that Engle was personally liable for the judgment against NDC.[20]

---

[14] *Boles*, 175 S.W.3d at 246.

[15] *Nepp*, 2006 WL 2582503 at *8.

[16] *Id.*

[17] *VP Bldgs.*, 2002 WL 15634 at *6

[18] *Boles*, 175 S.W.3d at 230.

[19] *Id.* at 247.

[20] *Id.* at 249. *See also St. Joseph Valley*, 691 S.W.2d at 525-27.

---

**TRIAL MEMORANDUM RE: PIERCING THE CORPORATE VEIL**                                          **PAGE 5**

Dated: June 2, 2008

                                        Respectfully submitted,

                                        LACKEY HERSHMAN, L.L.P.

By: _____
     Scott S. Hershman
     State Bar No. 00793205
     Jamie R. Welton
     State Bar No. 24013732
     Scott M. Garelick
     State Bar No. 24029053

3102 Oak Lawn Avenue
Suite 777
Dallas, Texas 75219-4241
Telephone: (214) 560-2201
Telecopier: (214) 560-2203

**ATTORNEYS FOR PLAINTIFF
THE RICHARDS GROUP, INC.**

### CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of the foregoing document to be served via hand delivery upon the attorney of record identified below on this 2nd day of June, 2008.

Geoffrey S. Harper
Michael T. Hilgers
Fish & Richardson, P.C.
5000 Bank One Center
1717 Main St.
Dallas, TX 75201

_____
Scott M. Garelick